UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| THERESA LYNNE MURPHY, | Case No. 13-cv-02752-JST |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |
| BANK OF NEW YORK MELLON, et al., | |
| Defendants. | Re: ECF No. 1 |

In this action for state-law claims arising out of a residential foreclosure, Plaintiff Murphy moves for a temporary restraining order barring Defendants from recording a notice of trustee's sale. For the reasons set forth below, Murphy's motion is DENIED and the action is DISMISSED for lack of subject matter jurisdiction.

## I. BACKGROUND

### A. The Prior Action

On May 29, 2013, Murphy filed a complaint against the Bank of New York Mellon, Merscorp, Mortgage Electronic Registration Systems, and the Wolf Firm for state-law claims arising out of the initiation of foreclosure proceedings on a residential property to which she allegedly holds title ("the prior action"). See Compl., ECF No. 1, Case No. 13-cv-2424. In that action, Murphy sought to prevent the Wolf Firm, which she alleged was "the purported trustee" under the deed of trust, from foreclosing on her property on the ground that the Wolf Firm "was not a properly-installed substitute trustee." Compl. ¶¶ 16, 23. Murphy alleged that the Wolf Firm recorded a notice of default with respect to her property that is "invalid," "fraudulent," and "deceptive" because the Wolf Firm lacked the authority to execute that instrument. Id. ¶¶ 23, 31.

Murphy moved for a temporary restraining order and a preliminary injunction to bar the Wolf Firm and the other defendants from proceeding with the foreclosure of her property. ECF

No. 2, Case No. 13-cv-2424. On June 12, 2013, Defendants filed a response to Murphy's motion, in which they argued that the Court lacked subject matter jurisdiction over the action because diversity of citizenship does not exist and no other basis for federal jurisdiction exists.

On June 13, 2013, the Court dismissed the prior action for lack of subject matter jurisdiction, finding that although Murphy had invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332, complete diversity of citizenship did not exist, as the Wolf Firm, a citizen of California, was not diverse from Murphy, who also is a citizen of California. ECF No. 25, Case No. 13-cv-2424.

**B.     The Instant Action**

On June 14, 2013, a day after the Court dismissed the prior action for lack of subject matter jurisdiction, Murphy filed a new complaint that is essentially identical to the complaint she filed in the prior action, except that the new complaint is devoid of allegations pertaining to the Wolf Firm. Compl., ECF No. 1, Case No. 13-cv-2752. In the new complaint, Murphy admits that she "filed this Complaint after deleting Defendant, the Wolf Firm, a Law Corporation, to preserve diversity because they were a dispensable nondiverse party; as the purported substitute trustee, they were a formal party only, an agent, and not a real party in interest." Id. ¶ 76.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 19 "prescribes a bifurcated analysis to determine whether parties should or must be joined." Takeda v. Nw. Nat. Life Ins. Co., 765 F.2d 815, 819 (9th Cir. 1985). First, a district court must consider whether a party is necessary by determining whether "(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." Id. (citing Fed. R. Civ. P. 19(a)).

If a party is necessary but his joinder will destroy jurisdiction, the court "must consider whether 'in equity and good conscience' the action should proceed without his joinder, i.e.,

whether he is indispensable." Id. (citing Fed. R. Civ. P. 19(b)). "In connection with this inquiry, four factors are relevant: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate, (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Id.

### III. DISCUSSION

The Court concludes that the Wolf Firm is an indispensable party to this action, as Murphy alleges that the Wolf Firm is the substitute trustee who recorded the notice of default at issue and is likely to take further actions to foreclose on Murphy's property. See Compl. ¶¶ 16, 23, Case No. 13-cv-2424; Compl. ¶ 76, Case No. 13-cv-2752. As such, the Wolf Firm must be joined under Rule 19(b).

Under California law, a trustee is an indispensable party to an action that seeks to invalidate a trustee's sale or foreclosure proceeding. See Washington Mut. Bank v. Blechman, 157 Cal. App. 4th 662, 668 (Cal. Ct. App. 2007) ("It takes little analysis or discussion to conclude that [the lender] and [the trustee] were indispensable parties" to a lawsuit seeking to set aside and vacate a trustee's sale in a foreclosure proceeding). That is because a "trustee is liable to any interested party who is damaged by its negligence or as a result of an illegal, fraudulent, or willfully oppressive foreclosure sale." 4 Harry D. Miller and Marvin B. Starr, California Real Estate § 10:203 (3d ed. 2003); see also Munger v. Moore, 11 Cal. App. 3d 1, 7 (Cal. Ct. App. 1970) ("That rule is that a trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust.").

In light of this authority, the Court is not persuaded that the Wolf Firm is a "dispensable nondiverse party" and "not a real party in interest" as Murphy argues. Id. ¶ 76. Indeed, this authority establishes that the joinder of the trustee is essential to any action seeking to prevent or void a trustee's sale, as any liability arising out of a trustee's sale that is illegal or fraudulent ultimately falls on the trustee. Accordingly, the Court finds that adjudicating this action without

1 the participation of the Wolf Firm would be prejudicial to the other parties, that this prejudice
2 cannot be avoided by any measures the Court can take, and that a judgment entered in the absence
3 of the Wolf Firm would be inadequate, because the Wolf Firm appears to be one of the real parties
4 in interest. Most importantly, Murphy will be able to obtain complete relief against all parties in
5 interest in state court if this action is dismissed.

6 Accordingly, because the Wolf Firm is an indispensable party within the meaning of Rule
7 19(b) and whose joinder destroys diversity jurisdiction under 28 U.S.C. § 1332, and because no
8 other basis for subject matter jurisdiction exists, this action is DISMISSED for lack of subject
9 matter jurisdiction. All pending motions and deadlines are TERMINATED. Murphy may re-file
10 her claims in state court. The Clerk shall terminate this action.

11 **IT IS SO ORDERED**.

12 Dated: June 15, 2013

_____
JON S. TIGAR
United States District Judge

4